UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-230-JBC**

**ZIAD SARA, M.D.,** **PLAINTIFF,**

**V.** **MEMORANDUM ORDER AND OPINION**

**SAINT JOSEPH HEALTH
SYSTEMS, INC., ET AL.** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Ziad Sara's motion for sanctions (R. 8) under FED. R. CIV. P. 11, 28 U.S.C. § 1919, and the court's inherent powers. Though the court will not grant sanctions under Rule 11 because Sara did not comply with the rule's safe harbor provision, it will award Sara the costs and attorney fees incurred as a result of the removal and remand proceedings because the defendants' removal of this action was not supported by an objectively reasonable basis to believe that the action could be properly removed to federal court.

Sara is not entitled to Rule 11 sanctions because he did not comply with its procedural requirements. A motion for sanctions under Rule 11(c)(2) "must not be filed or be presented to the court" unless the movant complies with the rule's safe harbor provision, which requires a movant to serve the motion on the opposing party and to give that party twenty-one days to correct its improper action before filing the motion with the court. *See Ridder v. City of Springfield*, 109 F.3d 288,

297 (6th Cir. 1997).  Here, Sara did not comply with the safe harbor provision, filing his motion for sanctions simultaneous with his service on the defendants exactly two months after the action was remanded for lack of jurisdiction.  While it may be true that compliance with Rule 11's safe harbor provision would have rendered Sara's underlying state action ineffective, compliance with the safe harbor provision of Rule 11 is an "absolute requirement," *Ridder* at 296, which this court does not have discretion to waive.  *See id*. at 297.

The court is, however, entitled to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when a case is remanded for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).  Here, the court remanded the action because there was no private right of action under either of the two federal statutory regimes cited in the notice of removal and because the case would necessarily turn on interpretation of the defendants' own bylaws rather than federal law.  *See* R. 5.  Though Sara cited the Health Insurance Portability and Accountability Act in his complaint and the Health Care Quality Improvement Act in his state-court injunction motion, a straightforward reading of those pleadings reveals no material dispute that would be governed by either statute.  Because the defendants therefore had no objectively reasonable basis for removal, *see Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007), the court will award Sara his reasonable costs and attorney fees associated with the removal.

2

Finally, because the court is empowered to award costs and fees under § 1447 without finding that the removal was undertaken for an improper purpose, *see Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993), the defendants' motives in attempting to remove this case are immaterial. Accordingly,

**IT IS ORDERED** that the motion (R. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that within fourteen days of the entry of this order, Sara shall submit to the court a motion for his reasonable costs and attorney fees incurred as a result of the removal and remand proceedings. Response and reply times shall run as allotted under the Local Rules.

Signed on November 18, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY