UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-230-JBC**

**ZIAD SARA,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**SAINT JOSEPH HEALTH**
**SYSTEMS, INC., ET AL.** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Ziad Sara's motion for attorney fees (R. 13), filed in response to the court's order of November 18, 2011, in which the court awarded him "reasonable costs and attorney fees associated with the removal" of his case. R. 12 at 2. Because Sara has not sufficiently met his burden for documenting the award requested, and because he requests compensation for time spent on tasks not associated with the removal, the court will grant the motion in part and deny it in part.

Sara has not sufficiently met his burden for documenting his entitlement to the award requested, and the court will reduce the award accordingly. In its order, the court awarded "reasonable" costs and fees, and it is the applicant's responsibility to prove that the rates it requests are reasonable. "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

1

experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984). In support of his motion for fees, Sara has submitted only an invoice from Hectus & Strause, PLLC, that indicates only by initials who performed the work, and a sheet that the court construes from its context is intended to indicate the hours worked by Nicholas Kadar, though his name does not appear on the document. These documents in no way indicate whether the $200 per hour requested on the Hectus & Strause invoice is a customary, or even reasonable, fee for the services performed; and as a result, the court has no reliable grounds to rule on whether this requested rate is reasonable.  The court deduces that "CTH" is C. Thomas Hectus, one of the attorneys of record in the case, but the court cannot determine who "DW" is, or his or her position at Hectus & Strause, from the evidence provided or from the other documents filed in this case.  Because Sara has failed to provide sufficient information for the court to determine whether $200 per hour is a reasonable rate for "DW," the court will cut the hourly rate requested for his or her work by half to $100, which is a reasonable rate for work performed by a paralegal or first-year associate.

Sara has also requested compensation for time spent on tasks not associated with the removal, and such requests will be denied.  The invoice submitted by Hectus & Strause includes the following fee entries which include work on Sara's state-court action:

- 7/22/2011 – DW - …Reviewed supplemental response drafts sent by Dr. Kadar re: motion for temporary injunction;…

2

- 7/26/2011 – DW - …Prepared supplemental response to NMO for temporary injunction; Drove to Lexington, Kentucky to attend temporary injunction hearing; Attended temporary injunction hearing and argued on behalf of Dr. Sara re: need for injunction to protect Dr. Sara's due process rights; Meeting with Dr. Sara and Dr. Kadar after hearing;

Because the Hectus & Strause invoice uses block billing rather than separating out each task, the court cannot precisely subtract the time for these unrelated tasks, but must either eliminate these entries entirely or estimate the amount of time spent on related tasks. Of the 2.1 hours billed for July 22, the court estimates that one quarter of the time was spent working on the temporary injunction, and the court will therefore subtract half an hour. Of the five hours billed for July 26, the court estimates that only half an hour was spent on tasks related to the removal, and will therefore subtract four and a half hours.

Sara may not recover for the listed expenses on the Hectus & Strause invoice because they are also unrelated to the removal. The "out-of-town travel" billed for July 26 was for the state-court hearing, and will not be compensated. The invoice also lists a $100 filing fee for admission *pro hac vice* of Nicholas Kadar, but as Kadar was not admitted to this court until September 9, 2011, and the record reflects a $95 payment for that admission on September 6, the referenced $100 fee must have been paid to the state court, and thus this expense is also unrelated to the removal.

3

The fees requested for work performed by Nicholas Kadar will not be compensated. Kadar was not admitted to practice *pro hac vice* in this case until September 9, 2011, for the limited purpose of "fil[ing] a motion for costs, attorney fees and sanctions on behalf of the Plaintiff" in response to the defendant's removal. R. 6. He did not take part in the telephone conference of July 26, and his name does not appear on any filings before his *pro hac vice* admission. Any role he played in the removal action, the extent of which the court cannot judge in the absence of an affidavit or more documentation, was performed in the nature of a consulting expert, and Sara has presented no evidence as to why such services were reasonably necessary to deal with the removal.

Kadar's work on the sanctions motion is also not compensable under the court's order because that work was not "associated with the removal." R. 12. While the motion for sanctions did arise out of the removal, it was an elective action on Sara's part, taken two months after the case was remanded, and its fees and costs were not part of the removal fees and costs awarded by the court to Sara.

Because Sara has failed to produce evidence that $200 is a reasonable rate for the work performed by "DW," and because the request asks for compensation for work unrelated to the removal, the court will accordingly reduce the requested award from $4,595 to $680, reflecting 4.4 hours worked by "DW" and 1.2 hours worked by C. Thomas Hectus.

Accordingly,

4

**IT IS ORDERED** that Sara's motion for fees (R. 13) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the defendants shall remit $680, representing the reasonable attorney fees and costs for the removal, to Sara within ten days of the issuance of this order.

Signed on February 7, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5